| | |
|---|---|
| Keith A. Fink, Bar No. 146841 | Michael W. Ayotte, Bar No. 145576 |
| Sarah E. Hernandez, Bar No. 206305 | LAW OFFICES OF |
| KEITH A. FINK & ASSOCIATES | MICHAEL W. AYOTTE |
| Attorneys at Law | 2629 Manhattan Avenue, Suite 144 |
| 11500 Olympic Boulevard, Suite 316 | Hermosa Beach, California 90254 |
| Los Angeles, California 90064 | Telephone: (310) 343-1864 |
| Telephone: (310) 268-0780 | Attorneys for Plaintiff |
| Facsimile: (310) 268-0790 | EDWARD E. HICKEY |
| Attorneys for Defendant | |
| ADVANCED SPORTS INC. | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD E. HICKEY, an individual, | Case No. 8:16-cv-01338-JLS-JCG |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| ADVANCED SPORTS, INC., a corporation; KAREN BLISS, an individual; and DOES 1 through 100, inclusive | |
| | Complaint Filed: June 6, 2016 |
| Defendants. | Trial Date: August 8, 2017 |

**Purposes and Limitations.** Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosures and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**Good Cause Statement.** This action is likely to involve trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential or proprietary business information, private or confidential medical records, personal or personnel information, information received in confidence from third parties, or other information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. With respect to the foregoing, special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

**Accordingly,** to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

IT IS HEREBY STIPULATED by and between Plaintiff EDWARD A. HICKEY ("Plaintiff") and Defendant ADVANCED SPORTS, INC., a North Carolina Corporation ("Defendant"), (named in lawsuit as ADVANCED SPORTS INC., a New Jersey Corporation, the previous corporate entity) the parties in the above-captioned litigation (the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, 8:16-cv-01338-JLS-JCG

    b. "Court" means the Hon. Josephine L. Staton, and/or any other Magistrate Judge, District Court judge or judicial officer to

       which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the party that designates Materials as "Confidential."

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined within the Federal Rule of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    h. "Information" means the content of Documents or Testimony.

    i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public

information that is entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the

deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent

|     |     |
| --- | --- |
| 1   | Production Notice, the Party that received the inadvertently produced |
| 2   | Document, Testimony or Information shall promptly destroy the |
| 3   | inadvertently produced Document, Testimony or Information and all |
| 4   | copies thereof, or, at the expense of the producing Party, return such |
| 5   | together with all copies of such Document, Testimony or Information to |
| 6   | counsel for the producing Party and shall retain only the "Confidential" |
| 7   | designated Materials. Should the receiving Party choose to destroy such |
| 8   | inadvertently produced Document, Testimony or Information, the |
| 9   | receiving Party shall notify the producing Party in writing of such |
| 10  | destruction within ten (10) days of receipt of written notice of the |
| 11  | inadvertent production. This provision is not intended to apply to any |
| 12  | inadvertent production of any Information protected by attorney-client |
| 13  | or work product privileges. In the event that this provision conflicts |
| 14  | with any applicable law regarding waiver of confidentiality through the |
| 15  | inadvertent production of Documents, Testimony or Information, such |
| 16  | law shall govern. |

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information

1 addressed by the Designation Objections (the "Designation Motion").
2 Pending a resolution of the Designation Motion by the Court, any and
3 all existing designations on the Documents, Testimony or Information
4 at issue in such Motion shall remain in place. The Designating Party
5 shall have the burden on any Designation Motion of establishing the
6 applicability of its "Confidential" designation. In the event that the
7 Designation Objections are neither timely agreed to nor timely
8 addressed in the Designation Motion, then such Documents, Testimony
9 or Information shall be de-designated in accordance with the
10 Designation Objection applicable to such material.

11 7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. the Court;

    b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. the Parties and those officers, directors, partners, members, employees, of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior

to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

-Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons upon their signature on Exhibit A:

    e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee of an entity that has had access to the Confidential Materials;

    f.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to each such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

  i. any other person that the Designating Party agrees to in writing upon advanced notice.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

- 10 -
STIPULATION AND PROTECTIVE ORDER

9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same

with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to

|   |   |   |
|---|---|---|
| 1 |  | the Subpoena prior to the date specified for production on the |
| 2 |  | Subpoena. |
| 3 | 14. | Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection. |
| 7 | 15. | If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party. |
| 15 | 16. | This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies. |
| 21 | 17. | Material produced and marked as Attorney's Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court. |
| 25 | 18. | If information which has been designated as Confidential or Attorney's Eyes Only is included in any papers to be filed with the Court, such papers shall be submitted for filing with the Court along with an application and proposed order to file the papers under seal in |

1  compliance with Local Rule 79-5.1. The application, proposed order,
2  and document(s) submitted for filing under seal shall be directed to the
3  judge, pursuant to Local Rule 79-5.1. If only a portion of the
4  document, memorandum, or filing is sealable, the submitting party may
5  file non-confidential, redacted versions of the document, memorandum
6  or other filing with the Court. If the application for sealing is denied,
7  the submitting party may re-submit the document in a manner that
8  conforms with the Court's order and the re-submitted documents are
9  deemed filed as of the date they were originally lodged.

10  19. "The Parties shall meet and confer regarding the procedures for use of
11  Confidential Materials at trial and shall move the Court for entry of an
12  appropriate order. Neither party may remove the confidential
13  designation attributed to a document for the purposes of trial or any
14  other purpose prior to obtaining Court approval.

15  20. Nothing in this Stipulation and Protective Order shall affect the
16  admissibility into evidence of Confidential Materials, or abridge the
17  rights of any person to seek judicial review or to pursue other
18  appropriate judicial action with respect to any ruling made by the Court
19  concerning the issue of the status of Protected Material.

20  21. This Stipulation and Protective Order shall continue to be binding after
21  the conclusion of this Proceeding and all subsequent proceedings
22  arising from this Proceeding, except that a Party may seek the written
23  permission of the Designating Party or may move the Court for relief
24  from the provisions of this Stipulation and Protective Order. To the
25  extent permitted by law, the Court shall retain jurisdiction to enforce,
26  modify, or reconsider this Stipulation and Protective Order, even after
27  the Proceeding is terminated.
28

- 14 -
STIPULATION AND PROTECTIVE ORDER

22. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by

1 the terms of this Stipulation and Protective Order pending its entry so as
2 to allow for immediate production of Confidential Materials under the
3 terms herein.
4 25. No information that is in the public domain or which is already known
5 by the receiving party through proper means or which is or becomes
6 available to a party from a source other than the party asserting
7 confidentiality, rightfully in possession of such information on a non-
8 confidential basis, shall be deemed or considered to be Confidential
9 material under this Stipulation and Protective Order.

-CONTINUED ON NEXT PAGE-

Case 8:16-cv-01338-JLS-JCG Document 17 Filed 02/07/17 Page 17 of 19 Page ID #:204

This Stipulation and Protective Order may be executed in counterparts.

| | |
|---|---|
| DATED this 3rd day of February, 2017. | KEITH A. FINK & ASSOCIATES<br><br>BY: /s/ Sarah E.Hernandez<br>Keith A. Fink<br>Sarah E. Hernandez<br>Attorneys for Defendant<br>ADVANCED SPORTS INC. |
| DATED this 1st day of February, 2017. | LAW OFFICES OF<br>MICHAEL W. AYOTTE<br>/s/ Michael W. Ayotte<br>BY:_____<br>Michael W. Ayotte<br>Attorneys for Plaintiff<br>EDWARD E. HICKEY |

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED**.

Dated: February 07, 2017_____

_____
**JAY C. GANDHI**
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare that:

I am currently employed by _____ located at _____ and my current job title is _____. My personal residence is located at_____. I have read and believe I understand the terms of the Protective Order filed in EDWARD E. HICKEY v. ADVANCED SPORTS INC ET AL, in the United States District Court-Central District of California, Case No. 8:16-cv-01338-JLS-JCG. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above. I submit myself to the jurisdiction of the Superior Court of the State of California for the County of Orange for the purpose of enforcing or otherwise providing relief relating to the Protective Order. I agree to abide by the terms set forth as follows:

I have been designated in accordance with Paragraphs 7(c), (g) or (h) of the Protective Order to receive information designated as "CONFIDENTIAL." I shall not divulge any materials, or copies of materials, which are designated "CONFIDENTIAL" obtained in accordance with the Protective Order, or the contents of such materials, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such materials except for the purposes of this Litigation and in accordance with the terms of the Protective Order. As soon as is practical, but no later than thirty (30) days after final termination of this litigation, I shall return any materials in my possession designated "CONFIDENTIAL" to the attorney from whom I received such

1 materials. I shall also return to that attorney, at that time, all copies, excerpts,
2 summaries, notes, digests, abstracts, and indices relating to such materials.

4     I declare under penalty of perjury under the laws of the State of California
5 and the United States that the foregoing is true and correct.

8 Dated:_____ Signature:_____

- 19 -
STIPULATION AND PROTECTIVE ORDER